## BOWEN v. UNITED STATES.
### No. 10534.

Circuit Court of Appeals, Fifth Circuit.

April 7, 1943.

Writ of Certiorari Denied June 1, 1943.

See 63 S.Ct. 1320, 87 L.Ed. ——.

F. M. Bird, of Atlanta, Ga., for appellant.

Harvey H. Tisinger, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Clint W. Hager, of Atlanta, Ga., for amicus curiæ.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

In 1933, in the District Court for the Northern District of Georgia, Hugh A. Bowen was convicted of murder committed in 1930 on a Government Reservation, and was sentenced to life imprisonment. Appeal was not taken, and Bowen was committed to the United States Penitentiary at Atlanta and subsequently transferred to the prison at Alcatraz, California, where he is now confined.

In 1937, while at Alcatraz, Bowen petitioned the District Judge of the Northern District of California for a writ of habeas corpus. He alleged among other things that the District Court for the Northern District of Georgia did not have jurisdiction to try him because the United States did not have exclusive jurisdiction over the Chickamauga and Chattanooga National Military Park, where the crime was committed. His petition was denied, and on appeal the Circuit Court of Appeals for the Ninth Circuit affirmed the order of the District Judge. Bowen v. Johnson, 97

F.2d 860. The Supreme Court granted certiorari, and in an exhaustive opinion discussed the issues raised by Bowen, upheld the jurisdiction of the original trial court, and affirmed the judgment. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455. Thereafter, in the latter part of 1941, Bowen sent a motion with lengthy argument to the District Judge for the Northern District of Georgia and asked that the judgment and sentence entered against him be set aside. In this motion he again alleged that the District Court for the Northern District of Georgia had no jurisdiction to try his case, contending: (1) That the Georgia Act of cession of jurisdiction, Georgia Laws, 1927, p. 352, did not comply with the requirements of the Georgia Constitution, Art. III, § VII, Par. XVII, Ga.Code Ann. 2-1817, and was therefore void and of no effect. (2) That in any event the United States had not accepted jurisdiction over the Park.

Correspondence passed between Bowen and the District Judge. The matter was finally set down for hearing, and a competent, qualified lawyer was appointed to represent Bowen. The United States moved to dismiss the motion on the grounds: (1) That it was in the nature of a writ of error coram nobis, and that since it presented only questions of law it should be dismissed. (2) That the errors of law complained of had already been determined against Bowen by the Supreme Court in its opinion in the habeas corpus case.

A hearing was had before the Court on November 6, 1942, and the issues were fully developed by counsel for both Bowen and the Government. On December 2, 1942, the District Judge rendered an opinion and entered an order overruling and dismissing Bowen's petition. Bowen has appealed.

■ The Government, relying on Rule 2, Paragraph 3, of the Rules of Criminal Procedure, 18 U.S.C.A. following section 688, insists here as it did below that the motion should have been dismissed on the technical ground that it was in substance a motion for writ of error coram nobis, which set up no newly discovered evidence, but merely sought to raise questions of law. See United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129; Robinson v. Johnston, 9 Cir., 118 F.2d 998. We think appellant's motion is more in the nature of an application to set aside a sentence and judgment of conviction which is alleged to be totally void. The consideration of such motion by the sentencing court would seem to be permissible under the practice indicated and sanctioned in recent cases. Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Sanford v. Robbins, 5 Cir., 115 F.2d 435; Meyers v. United States, 5 Cir., 116 F.2d 601; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Buie v. United States, 5 Cir., 127 F.2d 367; Miller v. United States, 5 Cir., 128 F.2d 519. "It would seem reasonable that the court rendering the void judgment could set it aside at any time on direct application for such an order, as well as on a collateral attack by petition for a writ of habeas corpus." Robinson v. Johnston, 9 Cir., 118 F.2d 998, 1000.

We pass to the merits of the case. The Supreme Court, in passing upon the jurisdictional question raised in the habeas corpus case, reviewed the various Georgia Acts which purported to cede jurisdiction to the United States, and specifically held that jurisdiction over the Park had been ceded to the United States by the Georgia Laws of 1927, p. 352. It expressly found no merit to the argument that since the 1927 "general act" contained no express repeal of, or specific reference to, the earlier special laws relating to Government lands, "it should not be regarded as yielding the jurisdiction which the earlier acts reserved to the State." [306 U.S. 19, 59 S.Ct. 447, 83 L.Ed. 455.]

Bowen now says, however, that the Supreme Court assumed, but did not pass upon, the constitutionality of the 1927 Act. He attacks the statute as being violative of the Georgia Constitution, Art. III, § VII, Par. XVII, Ga.Code Ann. 2-1817, which provides: "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending, or repealing act, shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

■ Appellant's contention and argument overlooks and ignores the fact that the 1927 Act of cession of jurisdiction is not an Act of repeal or amendment of prior Acts. It is a new and general statute by which the State of Georgia makes a complete and general cession of jurisdiction to the Federal Government over all lands held by the United States for "purposes of government". The Act is in no wise con-

trary to the mandate of the Georgia Constitution. Cf. Thornton v. State, 5 Ga.App. 397, 63 S.E. 301; Hammond v. State, 10 Ga.App. 143, 72 S.E. 937.

The Act of 1927 being valid, we think it clear that the case is disposed of by the construction placed upon it by the Supreme Court that "violations of law occurring on the ceded lands are enforceable only by the proper authorities of the United States." Bowen v. Johnston, 306 U.S. 19, 30, 59 S.Ct. 442, 447, 83 L.Ed. 455.

Bowen's motion was without merit and the District Judge properly overruled it.

The judgment is affirmed.

HUTCHESON, Circuit Judge (concurring specially).

I agree with the majority that if the motion was properly entertained, it should have been denied on the merits, but I disagree with the view that it should have been entertained. Attacking, as it did, not the sentence and judgment of conviction (cf. the cases cited in the majority opinion), but the whole proceeding on which that judgment rested as void for want of jurisdiction, it should have been dismissed as purporting to invoke a jurisdiction, the existence of which it, on its face, denied. While, therefore, I agree that appellant was not entitled to the relief he sought, I think his motion should have been dismissed rather than entertained and denied on the merits.