## BOWEN v. UNITED STATES.
### No. 13579.

United States Court of Appeals
Fifth Circuit.
Nov. 13, 1951.

R. Carter Pittman, Dalton, Ga., for appellant.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

Appearing by motion to vacate and set aside a judgment and sentence of life imprisonment in the United States Penitentiary, imposed on him on February 16, 1933, in cause No. 2579, Rome Division of the United States District Court for the Northern District of Georgia, 94 F.Supp. 1006, petitioner below prayed that he be discharged from custody.

Two grounds in support of the motion were put forward. One was that the federal court which tried and sentenced him for an offense which occurred in Chickamauga National Park was without jurisdiction. The other, arising out of the fact that petitioner had been arrested on February 12, 1931, and, on the strength of a pre-trial statement which had been obtained from him in violation of due process, held in jail until the day of trial which began on February 6, 1933, when the statement was offered in evidence, was that, because thereof, the conviction and sentence may not stand but must be set aside.

The motion coming on for hearing, Bowen appeared in person and testified, and the motion was fully heard. The hearing concluded, the district judge, treating the motion as filed pursuant to 28 U.S.C.A. § 2255, rejected both contentions and denied the motion.

He rejected the first contention on the ground that it had been authoritatively determined against Bowen, in Bowen v. Johnston, Warden, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455.[1]

Pointing out that Bowen had been represented by able counsel, that on the trial the admission of the statement into evidence had not been objected to, nor had it been claimed that it had been illegally secured, and that he had himself taken the stand and voluntarily testified to substantially the same facts, the district judge rejected the second contention on the ground that no showing had been made of a denial of due process, nothing shown which subjected the judgment and sentence complained of to collateral attack.

In addition, citing United States v. Moore, 7 Cir., 166 F.2d 102, holding that a judgment of conviction will not be set aside on a motion of the kind filed here, where there has been unreasonable delay and it is not made to appear that a retrial will result in a substantially different judgment, he held that petitioner had failed to make the showing required by the rule referred to in that case.

Appealing from that decision, petitioner is here, through his counsel by a brief, invoking, with an eloquence worthy of a better founded cause, the constitutional procedures and precedents by which the guaranteed liberties of the citizen have been preserved, protected and expanded.

Realizing the great difficulties in his way, arising out of the fact that the jurisdictional question he seeks to reargue has been adjudicated against him both in the Supreme Court and in this court, appellant's counsel, with commendable earnestness and sincerity, yet presses upon our attention his reasons for our entertaining and giving

---

1. Cf. Bowen v. United States, 5 Cir., 134 F.2d 845.

effect to a view, the exact contrary of that heretofore taken by us.

 Putting aside for the moment the fact that, until overruled, the opinion of the Supreme Court binds us,[2] we find ourselves unimpressed by the contentions that the considerations now advanced show that the question of the jurisdiction of the sentencing court was incorrectly decided by the Supreme Court and by this Court, and that it must be reopened and redecided against the jurisdiction of the court.

Upon the second question, we think it plain that petitioner stands no better. It is quite clear that what is in effect sought by the second ground of this motion, to set the judgment aside as subject to collateral attack, is to have us hold in effect that, though Bowen was represented on the trial of his case by able and effective counsel, he may, many years later upon the claim that the strategy employed upon the first trial was not soundly based, obtain another trial, with another counsel, to be conducted under entirely different strategy and with completely different tactics.

 After all, while it is of the essence of the constitutional principles which mark and distinguish our system: that trials be conducted according to law; that in short, the government be obliged to control itself; and that when one has been convicted in violation of those principles he should be accorded relief; it is also of the essence: that the government be enabled to control the governed and to that end that judgments have finality; and that trials, conducted in accordance with law and ending in conviction, some day be at an end. Especially is it of the essence of orderly trials that the right to counsel accorded to defendants by the constitution be not regarded, as the argument here would seem to regard it, as a mere one way street such that, if the strategy and tactics of his trial counsel, in determining not to raise constitutional questions, prove unsuccessful, defendant, without appealing from the judgment, may many years later set it aside in order that, on another trial with another counsel, another course raising these questions may be taken, and so on *ad infinitum*.[3]

The judgment denying the motion was right. It is

Affirmed.

---

2. RD-DR Corp. v. Smith, 5 Cir., 183 F.2d 562.

3. Cf. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, at page 669; Alred v. United States, 4 Cir., 177 F.2d 193–194; Merritt v. Hunter, 10 Cir., 170 F.2d 739; Hudspeth v. McDonald, 10 Cir., 120 F. 2d 962.