**Thomas Nelson ARTHUR, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 15803.**

United States Court of Appeals
Fifth Circuit.

March 16, 1956.

Thomas Nelson Arthur, in pro. per.

Frank M. Johnson, Jr., U. S. Atty., Leon J. Hopper, Asst. U. S. Atty., Atley A. Kitchings, U. S. Atty., Birmingham, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Convicted upon a trial by jury and sentenced to three years penal servitude for violations of Title 18, Sections 702 and 912, defendant did not appeal. Thereafter he filed in the court of his conviction a motion, under Section 2255, Title 28 U.S.C., to vacate the sentence.

Briefly stated the purported grounds were: (1) the incompetence of court appointed counsel, and that he was appointed only fifteen minutes before the trial and was not given time to prepare; (2) that a government witness gave perjured testimony; (3) that the government offered and introduced inadmissible evidence; and (4) that the appellant had proof of his innocence which was not presented at the trial.

After reviewing the motion, the files and the records in the case, the district court found that they conclusively showed that appellant was not entitled to relief and an order was entered denying the motion.[1]

Bringing up the entire record made on the trial of his cause, appellant is here insisting that the district judge erred. We cannot agree.

As to the first ground, that his counsel was appointed only fifteen minutes before the trial and not given adequate time to prepare, and that he was incompetent, the record shows affirmatively that these claims are not true. The counsel was appointed some hours before the trial, the petition does not state or point to any fact showing that counsel was incompetent, and the record of the trial shows the contrary. The other grounds put forward nothing more than claims of error on the trial. As to the claim that a witness for the government committed perjury, no facts are alleged in support of this conclusion, nor is there any claim in the petition or support in the record for a claim, if made, that the government was in any way responsible for the perjury, if any occurred.

As pointed out in Taylor v. United States, 4 Cir., 177 F.2d 194, 195,

---

1. The order reads as follows:

"The above-styled action, coming on to be heard, was submitted upon petitioner's motion to vacate the sentence imposed by this court in the above case on the 5th day of April, 1955, accompanied by a petition for leave to proceed in forma pauperis.

"As required by provisions of Title 28 U.S.C. § 2255, the Court has proceeded to examine with care the motion and the files and records of the above styled case. Since the Court is of the opinion that such motion and the files and records of the case conclusively show that the petitioning prisoner is entitled to no relief, the court is constrained to deny such motion without causing notice thereof to be served upon the United States Attorney and without granting any hearing thereon. However, the petition to proceed in forma pauperis should be granted and the motion should be admitted to the files of the court.

"It is, accordingly, ordered, adjudged and decreed by the Court that petitioner's motion for leave to proceed in forma pauperis be and the same is hereby granted, and the Clerk is directed to file such motion.

"It is further ordered, adjudged and decreed by the court that the motion to vacate such sentence be and the same is hereby overruled and denied. The Clerk will cause a certified copy of this order to be transmitted to petitioner.

"Done, this the 3rd day of August, 1955.

"/s/ H. H. Grooms, Judge"

United States v. Haywood, 7 Cir., 208 F.2d 156, and many other cases,[2] a Section 2255 Motion is a collateral attack on the judgment, and it does not authorize a retrial of the case for errors. Questions as to the sufficiency of the evidence involving errors either of law or of fact must be raised by timely appeal from the sentence.

The order is affirmed.

2. United States v. Pisciotta, 2 Cir., 199 F.2d 603, 604; Kimbrough v. United States, 5 Cir., 226 F.2d 485; Alred v. United States, 4 Cir., 177 F.2d 193; United States v. Wight, 2 Cir., 176 F. 2d 376; United States v. Spadafora, 7 Cir., 200 F.2d 140; Carvell v. United States, 4 Cir., 173 F.2d 348.