**John E. SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16959.**

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1958.

John E. Smith, Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

PER CURIAM.

Indicted November 13, 1931, along with Hugh A. Bowen and William Frank Bowen, for the murder on December 14, 1930, of one Raymond Kington in Chickamauga National Park, appellant moved for, and was granted, a severance. On February 13, 1933, represented by competent counsel, of whose representation he does not complain, he went to trial, a verdict of guilty without capital punishment was returned, and judgment imposing a life sentence was entered on February 16, 1933. Appellant, through counsel, filed a motion for a new trial which was argued by counsel for appellant and by the Government and overruled and denied by Judge Underwood on May 18, 1933. Appellant did not appeal.

More than twenty years later appellant filed a motion, which was in effect and was treated by the court as, a motion to vacate sentence under 28 U.S.C.A. § 2255,

in which and as amended, appellant set forth fourteen different grounds.

1. "In 1933 in this Court John F. Smith was convicted of murder committed in 1930 on a Government reservation, and was sentenced to life imprisonment after the overruling of a motion for a new trial. Appeal was not taken and Smith has been in the custody of the Attorney General since 1933, being now confined at the United States Penitentiary at Atlanta, Georgia.

"Defendant John E. Smith now moves to vacate and set aside his sentence pursuant to 28 U.S.C. [§] 2255, and sets forth the following grounds for his motion:

"(a) That a witness for the prosecution gave perjured testimony which tended greatly to bring about a wrongful and unlawful verdict of guilty.

"(b) That movant's co-defendant, Hugh A. Bowen, enjoyed a separate trial and movant was convicted on testimony unrelated to that used in the co-defendant's trial in this court.

"(c) That the trial judge, Honorable E. Marvin Underwood, made derogatory remarks against movant in the presence of the trial jury which denied movant a fair and impartial trial.

"(d) That the United States prosecuting attorney, Mr. Clint Hager, was guilty of misconduct which had the effect of denying movant due process of law.

"(e) That the movant was held in custody for a period involving two years before enjoying trial, in violation of constitutional rights guaranteed citizens of the United States.

"(f) That the sentence was imposed in violation of the United States Constitution and laws of the United States because the Court was without jurisdiction to proceed at trial or to impose any such said sentence on account of losing all authority to do so.

"(g) That the United States prosecuting attorney, and others, coerced and frightened away a most valuable witness from appearing at the trial, the same being deliberate misconduct on the part of the said United States prosecuting attorney, and others.

"(h) That on May 18, 1933, the trial judge, Honorable E. Marvin Underwood, heard a motion for a new trial presented by movant who did not have assistance or guidance of counsel, of which he did not waive his rights, and that the Court did not advise him of his right to have representation of counsel at this very important stage of the proceeding.

Listing and dealing with all of them in his findings and conclusions,[1] the district

"(i) That movant was never brought before a committing magistrate or U. S. Commissioner.

"(j) That there was no removal warrant issued to move petitioner from Chattanooga, Tennessee to Rome, Georgia.

"(k) That Judge Underwood disallowed the employment of Hugh Norvell by movant to take the notes of testimony.

"(l) That Judge Underwood did not appoint his own reporter stating that since Hugh A. Bowen did not have one he saw no reason why this movant should have one.

"(m) That there is no authenticated trial transcript as no stenographer was permitted to take same down.

"(n) That the indictment was returned in violation of law in that all the jurors were drawn from division rather than upon selection from all divisions.

"Movant was brought into Court and a hearing was held on September 6, 1957. At said hearing movant presented no evidence that the said sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack.

"Movant states that Mrs. Laura Smith gave perjured testimony connecting him with a shotgun the evening before Raymond Kington was found dead in Chicamauga National Park. He stated that he knew the testimony was perjured because of the actual facts involved. Although he maintained that by one Hampton, one Virgie Smith, one Mayfield and Judge E. Marvin Underwood he could prove that Mrs. Laura Smith's testimony was perjured, he stated that he had not heard from or been in contact with these persons and could not state what they would say. He made no showing that the Government was in any way responsible for any perjury, if any occurred.

"Conclusions of Law.

"The burden is on the movant to establish a basis for relief under some one or more of the grounds set forth in the section. Taylor v. United States, 8 Cir., 229 F.2d 826. See also Hearn v. United States, 7 Cir., 194 F.2d 647.

"A judgment of conviction will not be set aside unless it appears that a retrial will result in a different judgment. United States v. Bowen, D.C., 94 F.Supp. 1006, affirmed 5 Cir., 192 F.2d 515.

judge found no merit in them and entered judgment denying the motion.

Appealing therefrom, appellant is here presenting seven grounds of error[2] and arguing that, though the court gave him a hearing, it was an insufficient one and the judgment entered thereon should be reversed.

Citing many cases[3] from this and other courts in support of the settled rule that Sec. 2255 was enacted as a substitute for and to serve the purpose, not of an appeal, but of a proceeding for habeas corpus, that it applies only where the sentence is void or otherwise subject to collateral attack, and that it may not be used to retry the case or correct errors reviewable on appeal, though they relate to claimed breaches of constitutional rights, the United States takes up and argues seriatim appellant's claims of error. Urging upon us that the motion does not allege, and if in any particular it does, the record is wholly devoid of, facts sufficient to support the collateral attack he seeks to make on the judgment, it insists that the judgment must be affirmed.

■ In connection with the general claim that the prosecution colluded with

the witness to commit perjury, appellant, invoking the rule of the cases, that the burden was on the plaintiff to allege and prove, not conclusions, but facts which would entitle him to relief, and citing Ryles v. United States, 10 Cir., 198 F.2d 199, holding that false testimony without more will not serve, that it must be shown (1) that there was use of perjured testimony, and (2) that it was with the knowledge of the prosecuting officers, insists that, while there was a specific claim that Laura Smith gave perjured testimony, there was no basis shown for the charge except plaintiff's own conclusion, and the court rightly rejected this.

We agree that this is so.

■ Of appellant's insistence here that the court erred in not directing the summoning of witnesses to afford plaintiff an opportunity by examining them to see if he could support his claim that perjured testimony was used, little need be said except that no sufficient allegations were made and no showing was offered, as to what the particular persons referred to would testify to, to justify or authorize their being brought in as witnesses, and that, in the state of the rec-

"A motion under 28 U.S.C. [§] 2255 may not be used to review proceedings of a trial as upon appeal or writ of error. United States v. Bowen, supra.

"The Court had jurisdiction over the offense in this case. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455.

"Claims of irregularity or impropriety in the conduct of a trial do not afford proper grounds for collateral attack upon a sentence. Crabtree v. United States, 5 Cir., 209 F.2d 164.

"Movant did not make the showing required by law as to any alleged perjured testimony. Cobb v. Hunter, 10 Cir., 167 F.2d 888; Arthur v. United States, 5 Cir., 230 F.2d 666.

"Defendant not having made the showing required by the statute, his motion to vacate and set aside sentence is hereby overruled and denied.

"This 18th day of Sept., 1957."

2. "(1) The Court erred in failing to consider his claim that the prosecution colluded with a witness to commit open perjury.

"(2) The Court erred in refusing to appoint counsel for appellant.

"(3) The Court erred in denying production of witnesses at the hearing.

"(4) The Court erred in failing to order 'the F.B.I. reports' produced to show perjury was used to gain the conviction.

"(5) The Court erred in failing to produce a stenographic transcript of the trial.

"(6) The Court erred in failing to look into the matter of appellant not having been brought before a U. S. Commissioner.

"(7) The Court erred in failing to settle the question as to why appellant was denied a speedy trial by being held from Dec. 21, 1931 until February 13, 1933."

3. Gordon v. United States, 5 Cir., 216 F. 2d 495; Masi v. United States, 5 Cir., 223 F.2d 132, 134; Arthur v. United States, 5 Cir., 230 F.2d 666; Tussy v. United States, 5 Cir., 239 F.2d 172; Parker v. United States, 4 Cir., 184 F. 2d 488; Howell v. United States, 4 Cir., 172 F.2d 213; and United States v. Edwards, D.C., 152 F.Supp. 179.

ord, plaintiff's effort was no more than a fishing attempt.

The other matters presented by appellant are equally lacking in merit. They present nothing more than an effort to obtain a retrial of the case before the judge in order to obtain a determination by him whether the verdict against plaintiff should have been found.

No showing of error appearing, the judgment appealed from is

Affirmed.