Aubrey AEBY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17054.

United States Court of Appeals Fifth Circuit.

May 29, 1958.

---

Joseph P. Jenkins, Kansas City, Kan., William O. Braecklein, Dallas, Tex., for appellant.

William N. Hamilton, Minor Morgan, Asst. U. S. Attys., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

On July 8, 1952, a two count indictment was returned by the grand jury charging appellant with a violation of Title 21 U.S.C.A. § 174 (Narcotics Drugs Import and Export Act), in Count One, and a violation of Title 26 U.S.C. (I.R.C. 1939) § 2553(a), in Count Two (Harrison Narcotics Act).

A plea of not guilty was entered by appellant. A trial by jury was subsequently had and a verdict of guilty was returned on both counts.

On September 18, 1952, appellant was brought for sentencing before the district court. Prior to that date and subsequent to the guilty verdict, the appellee filed an Information pursuant to Title 26 U.S.C. § 7237,[1] which informed the Court that appellant had allegedly been convicted of prior narcotic violations. The appellant neither admitted nor denied that he was the identical person named in the Information.

The United States attorney tendered evidence to the court as to the commission of several previous narcotics offenses and called upon the accused to admit or deny that he was the same person previously convicted. Accused's counsel participated in the trial of this issue, by objecting to the introduction of evidence of previous convictions on the ground that this amounted to an ex post facto conviction. He then also objected "because it is a jury question." Thereupon the United States attorney asked the court to tender the appellant a jury trial. The court stated that appellant had not denied being the same person as previously convicted, but said: "If they want a jury we will empanel one." After all the previous records were introduced the court asked: "On the question of identity is the jury desired?" Counsel evaded answering the question.[2]

1. The pertinent provisions of this statute are:

"Whoever commits an offense or conspires to commit an offense described in this subchapter, subchapter C of this chapter, or parts V or VI of subchapter A of chapter 27, for which no specific penalty is otherwise provided, shall be fined not more than $2,000 and imprisoned not less than 2 or more than 5 years. For a second offense, the offender shall be fined not more than $2,000 and imprisoned not less than 5 or more than 10 years. For a third or subsequent offense, the offender shall be fined not more than $2,000 and imprisoned not less than 10 or more than 20 years * * * After conviction, but prior to pronouncement of sentence, the court shall be advised by the United States attorney whether the conviction is the offender's first or a subsequent offense.

If it is not a first offense, the United States attorney shall file an information setting forth the prior convictions. The *offender shall have the opportunity in open court to affirm or deny that he is identical* with the person previously convicted. *If he denies the identity,* sentence shall be postponed for such time as *to permit a trial before a jury* on the sole issue of the offender's identity with the person previously convicted. *If the offender is found by the jury* to be the person previously convicted, or *if he acknowledges* that he is such person, he shall be sentenced as prescribed in this paragraph." (Emphasis added). 26 U.S.C. (I.R.C.1954) § 7237.

2. Relevant parts of this colloquy are:
"Mr. May: [United States attorney]
"Now, at this time I will ask that the

A sentence of 20 years imprisonment was then imposed treating appellant as a prior offender under Title 26 U.S.C. § 7237, commonly known as the Boggs Act.

The judgment was appealed to this Court on grounds not pertinent or urged in the present case. 206 F.2d 296. The judgment was affirmed, one judge dissenting. Subsequently, the trial judge reduced the sentence to 15 years imprisonment.

> defendant either admit or deny his identity as the same person that was sentenced at that time, because if he doesn't admit it, but denies it, we ask that we have a jury trial and that we be allowed to present the evidence before a jury on each one of these counts.
> "The Court:
> "I think you might as well proceed with the trial. I will ask the defendants if they desire the services of a jury?
> "Mr. May:
> "Do you wish me to go ahead?
> "The Court:
> "Yes, on the question of identity, is the. jury desired?
> "Mr. May:
> "Do you want a jury on the question of identity?
> "Mr. Martin: [Appellant's counsel]
> "Your Honor, this is a new law, and all we are trying to do is to protect the record in this case, and this is the first time we have ever faced it.
> "The Court:
> "That is true, but that is a simple part of it. The fact that it is new doesn't change the situation. An experienced lawyer should know whether he wants a jury or know whether he wants to submit it to the jury.
> "Mr. Martin:
> "I think Your Honor expressed it right. The only issue is the identity. So, it was our thought, we more or less are confused with the procedure under these habitual criminal statutes, but it was our thought that the indictment should set out these matters and name the defendants, the proof offered and let the jury pass on the innocence or guilt of the immediate offense, and then the other convictions, and so forth. That is what I had in mind awhile ago.
> "The Court:
> "The view of the Court is that this trial of the current indictment as had, was before the jury. Now, we have before us a motion by the District Attorney to accelerate and augment the punishment as required by law. It is a new law. It is

On October 21, 1957, the appellant filed a motion to correct and vacate sentence under Title 28 U.S.C. § 2255, upon the grounds that the sentence was imposed in violation of the Constitution and laws of the United States; that the Court was without jurisdiction to impose the sentence; and that the sentence of 20 years imposed upon him on the 18th day of September, 1952, and subsequently reduced to a term of 15 years, was in excess of the maximum authorized by law

> the first time it has been invoked during this Court.
> "The Court's view is that when this judgment of conviction is offered, the Court's understanding of the law is that if the defendant says that it was somebody else other than the defendant, or other than himself, then that becomes an issue that will be tried before a jury.
> "The question is are you asking for a jury or waiving it?
> "Mr. Martin:
> "We are not asking for a jury, and we are not waiving a jury.
> "Mr. Jones:
> "We don't waive it.
> "Mr. Martin:
> "If the law is mandatory, we want the objection to it in the record. We are not asking for a jury.
> "The Court:
> "Then let the record show that a jury was tendered."
> And later:
> "Mr. May:
> "Now, if Your Honor please, I would move the Court at this time to inform the defendants that they have an opportunity in open Court to affirm or deny that they are the identical persons which have been named in the various convictions and presented to Your Honor here to Your Honor.
> "Mr. Jones:
> "As we understand the law, the burden is on the government to do what they ought to do, and we are sitting here and requiring them to do it, and there is no burden on us to do anything.
> "The Court:
> "Mr. District Attorney, you might show by Mr. Goss, or other witnesses that were in Judge Atwell's Court if he is able to identify them as being one and the same person in all these cases. And after that you may tender the defendant a jury. The Court has a jury sitting in the box and the jury will be tendered to them if they desire the service of a jury."

and that the court was authorized to impose a five-year sentence only by reason of the provisions contained in Title 26 U.S.C. § 7237.

The motion was presented, argued and denied. This appeal was then filed. The appellant is now confined under the sentence.

The question here is whether the trial court erred in sentencing appellant as a prior offender under the Boggs Act (26 U.S.C. § 7237), in that the question of identity was not submitted to the jury when appellant neither admitted nor denied that he was the same person named in the Information filed by the appellee, and in light of the failure of the accused to ask for a jury when tendered him.

Appellant urges that the last sentence in this statute, "If the offender is found by the jury to be the person previously convicted * * * he shall be sentenced as prescribed in this paragraph," prevents such sentencing unless there is a jury finding. The government contends that the earlier sentence, "If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury" as to identity restricts the right to a jury trial on this issue to those cases, and to those only, in which the convicted person *denies the identity*. Otherwise the sentencing follows normal procedure under the mandatory penalties prescribed elsewhere in the Act (see footnote 1, supra).

It should be observed that there is here no constitutional right at stake. Rule 32, Fed.Rules Crim.Proc., 18 U.S. C.A., expressly provides for post-conviction pre-sentence communication to the court by the probation officers to aid the court in fixing an appropriate sentence. There has never been any claim that any issues raised by the furnishing of this information are to be resolved by a second jury trial. Here, in view of the mandatory nature of the second offender sentence, the accused is tendered "the opportunity" to affirm or deny his identity with the previous offender. This terminology is not comparable to the constitutional provision of a right of trial by jury as to which the courts have historically held there is no waiver because the accused stands mute. The earlier statute, 26 U.S.C.A. (I.R.C.1939) § 2557 note, now repealed, 65 Stat. 769, specifically required a jury trial "if he refuses to answer or remains silent." Dealing with the change in language in a somewhat similar case, the Court of Appeals for the Seventh Circuit said:

"These specific requirements were omitted from the law as it was amended in 1951 and instead of those specific requirements we now have only the requirement that the defendant 'shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted'. 26 U.S.C.A. § 2557(b) (1). The obvious intention of the Congress in so amending the laws to simplify the procedure in showing prior convictions and in sentencing defendants against whom multiple prior convictions are shown." United States v. Kapsalis, 7 Cir., 214 F.2d 677, 685, certiorari denied 349 U.S. 906, 75 S.Ct. 583, 99 L.Ed. 1242.

The Court then held that the sentence there was properly imposed, although there was no express acknowledgment by the accused of the identity.

This case was followed by Scales v. United States, 7 Cir., 249 F.2d 368, in which the Court said:

"He [defendant] contends the court had the burden of directly questioning him on this subject in a manner similar to proceedings upon formal arraignment, and that without such inquiry his attitude of silence must be resolved in his favor on this issue."

The Court rejected his contention, stating:

"* * * we think the record here clearly shows that appellant had the 'opportunity' to affirm or deny his identity as provided in the statutes. The court had no obligation to proceed further or more formally unless and until the identity of ap-

pellant as the man previously convicted was denied."

Scales v. United States, 249 F.2d 368, 370.

■ Moreover, we think it quite clear from the record before us that if the statute requires a jury trial even when there is no denial, in absence of an admission, there was here a waiver by counsel of any such right. The record is clear that counsel was merely trying to save a point for later attack on the sentence. He specifically stated he did not request a jury, and then participated in the trial when none was forced upon his client. Even the constitutional right to a jury trial can be waived. Duignan v. United States, 274 U.S. 195, 47 S.Ct. 566, 71 L.Ed. 996.

So much more can an accused waive "an opportunity" to have a jury empanelled to try an issue raised in the manner provided by the statute.

The sentence is not void for the failure of the trial court to empanel a jury under the circumstances here disclosed.

The judgment is affirmed.