Hugh A. BOWEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17307.

United States Court of Appeals Fifth Circuit.

Nov. 5, 1958.

Chester E. Wallace, Atlanta, Ga., for appellant.

Charles D. Read, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

By this appeal movant seeks to test for error the order of the court denying his fourth motion for 28 U.S.C.A. § 2255 relief. His first motion seeking such relief was filed September 13, 1940 before, and was denied by, Judge Underwood who had tried the case, and there was no appeal from this denial. The orders denying the second and third motions were appealed to, and affirmed by, this court April 7, 1943, in 134 F.2d 845, and September, 1954, in 192 F.2d 515, respectively.

On August 21, 1957, appellant filed the motion in question here, alleging, that John E. Smith, his co-defendant in the criminal indictment had filed a motion seeking Section 2255 relief, and the court had set it for hearing, and that movant had the identical complaints of the judgment set forth by said Smith. His prayer was that his motion be set for hearing at the same time as Smith's motion. Thereafter, on January 20, 1958, appellant filed an amended motion in which he set out his claims of error in detail, and, the respondent having filed its response and appellant his traverse, the district judge, reciting the claims and holding that none of them constituted grounds for collateral attack on the judgment, denied the motion. This appeal followed.

Here urging that points five through nine of his motion present valid grounds for the relief he seeks, appellant puts forward and argues as his main ground the fact that no provision was made for taking down and transcribing the testimony, and there was, therefore, no transcript available for his use if he had wished to appeal.

The United States points out that all the matters claimed as error were considered and rejected on Smith's appeal, Smith v. United States, 5 Cir., 252 F.2d 369, as presenting at best only errors cognizable on direct appeal and not available on a collateral attack on the judgment of conviction. In addition it points out: (1) that no appeal was taken or sought to be taken by appellant from the judgment of conviction, of which he now complains; (2) that no showing is, or can be, made that a sufficient record could not have been made up by bill of exceptions if an appeal had been desired; and (3) that what appellant complains of as error, the denial of appellant's request to have the trial proceedings taken down by a court reporter, (a) could not have been more than mere error to be corrected on appeal, and (b) could not have been that because at that time there was no provision of law authorizing the court to employ and pay a reporter to take down and report testimony.

We find ourselves in complete agreement with these views. To hold otherwise upon the record in this case would, we think, run counter to principle and to

authority. Indeed, in effect, by denying finality to a trial conducted as this one was with the defendant represented by competent and able counsel, would make of due process of law merely a one way street.

The judgment was right. It is affirmed.