Will Parks CLAY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17336.

United States Court of Appeals Fifth Circuit.

Nov. 5, 1958.

W. O. Cooper, Jr., Macon, Ga., Hal Lindsay, Atlanta, Ga., D. Lee Churchwell, Macon, Ga., J. E. B. Stewart, Atlanta, Ga., for appellant.

Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

Appellant was convicted of evading the wagering occupational tax. Int.Rev.Code of 1939, §§ 2707(c), 3290, 3294(c), 26 U.S.C.A. §§ 2707(c), 3290, 3294(c) (1952 ed.). We affirmed this conviction 5 Cir., 246 F.2d 298, and certiorari was denied 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed.2d 69. In fact, this is now his fourth appearance before this Court. Clay v. United States, 5 Cir., 1957, 246 F.2d 298, certiorari denied 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed. 2d 69; Clay v. United States, 5 Cir., 1956, 239 F.2d 196; Clay v. United States, 1955, 5 Cir., 218 F.2d 483.

As he this time asserts his rights under the reviewing procedure of 28 U.S. C.A. § 2255, he must tread the narrow trail of relief it affords. It is not enough that he point an accusing finger at some supposed slip on the part of the Judge during the long history of this case. He must demonstrate that, in the language of Section 2255, "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack * * *." This he has failed to do.

His present complaint relates to motions for the production of documents and disclosure of informants. Whatever the merits of these contentions might have been on appeal, they are not open here. Bowen v. United States, 5 Cir., 1958, 260 F.2d 266; Bowen v. United States, 5 Cir., 1951, 192 F.2d 515. Moreover, it cannot be said in this case that Clay has been denied an open ear for these complaints. He not only could have had an appeal, he had one, 246 F.2d 298. There it ended for all matters save those that can pass through the needle's eye of Section 2255.

Affirmed.