**Aubrey AEBY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17633.**

United States Court of Appeals
Fifth Circuit.

June 16, 1959.

Aubrey Aeby, in pro. per.

Minor Morgan, Asst. U. S. Atty.,
Dallas, Tex., W. B. West, III, U. S. Atty.,
Fort Worth, Tex., for appellee.

Before JONES, BROWN and WIS-
DOM, Circuit Judges.

PER CURIAM.

This is appellant's third ap-
pearance before us regarding his nar-
cotics conviction of September 18, 1952.
Aeby v. United States, 5 Cir., 1953, 206
F.2d 296, certiorari denied, 346 U.S. 885,
74 S.Ct. 136, 98 L.Ed. 390; Aeby v. Unit-
ed States, 5 Cir., 1958, 255 F.2d 847. We
affirm the District Court's conclusion in
his unreported opinion set out in the mar-
gin [1] that this second attempt to vacate

1. "This the 7 day of November, 1958,
came on to be considered the motion to
vacate judgment and sentence, said mo-
tion having been filed herein on Sep-
tember 8, 1958, seeking relief under the
provisions of Title 28, United States
Code, Section 2255. It appearing to the
Court that petitioner was sentenced here-
in on September 18, 1952, upon a jury
trial and a jury verdict of guilty, that a
direct appeal was taken to such convic-
tion and sentence, and that on such ap-
peal the judgment of this Court was af-
firmed by the Court of Appeals for the

Fifth Circuit, Aeby v. United States, 5
Cir., 1953, 206 F.2d 296, certiorari de-
nied 346 U.S. 885, 74 S.Ct. 136, 98 L.
Ed. 390, rehearing denied 346 U.S. 917,
74 S.Ct. 273, 98 L.Ed. 394; and it fur-
ther appearing that petitioner filed here-
in on October 21, 1957, a motion to cor-
rect and vacate sentence seeking precise-
ly the same relief of the same prisoner
as the motion now under consideration,
and that thereafter on November 29,
1957, after a full hearing at which peti-
tioner was represented by counsel of his
own choice, this Court overruled and de-

judgment and sentence under Section 2255, 28 U.S.C.A., must fail.

His present motion raises matters which have been passed on by us before, are inconsequential and without legal significance, or ineligible for Section 2255 consideration. They relate to the propriety of a search with warrant, adequacy of evidence to support the grand jury's indictment, discretionary decisions by counsel of appellant's choice, the Court's charge, and the fact, permitted under Section 2255,[2] that appellant was not present at his own hearing.

To the District Court's statement may be added reference to our recent discussions of these issues. Sheridan v. United States, 5 Cir., 1959, 264 F.2d 236; Moss v. United States, 5 Cir., 1959, 263 F.2d 615; Clay v. United States, 5 Cir., 1958, 260 F.2d 564; Bowen v. United States, 5 Cir., 1958, 260 F.2d 266; Hernandez v. United States, 5 Cir., 1958, 256 F.2d 342, certiorari denied, 358 U.S. 851, 79 S.Ct. 80, 3 L.Ed.2d 85; Cawley v. United States, 5 Cir., 1958, 251 F.2d 461; McCreary v. United States, 5 Cir., 1957, 249 F.2d 433, certiorari denied, 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820; Tussy v. United States, 5 Cir., 1956, 239 F.2d 172;

Arthur v. United States, 5 Cir., 1956, 230 F.2d 666; Bowen v. United States, 5 Cir., 1951, 192 F.2d 515.

Affirmed.

nied such motion to correct and vacate sentence, and that an appeal was taken from such order denying such motion, and that on appeal the order of this Court was affirmed by the Court of Appeals for the Fifth Circuit, Aeby v. United States, 255 F.2d 847, and it further appearing to the Court that the latest motion to vacate judgment and sentence, such being the motion now under consideration, raises no material questions of fact or law and states no valid grounds on which the relief sought might appropriately be granted, the Court, therefore, finds that such motion, being a second motion for similar relief on behalf of the same prisoner, should not be entertained.

"Wherefore, it is Ordered that such motion shall not be entertained and it is further ordered that such motion be and it is hereby dismissed. It is further ordered that the filing of such motion without cost to the petitioner be permitted."

2. Section 2255 does not require that the District Court consider a prisoner's motion under all circumstances. It provides, "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." No notice nor hearing need be held if the motion and files show conclusively that the prisoner is not entitled to relief. This is stated negatively, "Unless the motion and the files and records of the case conclusively show that the prisoner is enitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Of determinative significance here, the statute expressly provides that "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."