**Aubrey AEBY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 26363.

United States Court of Appeals
Fifth Circuit.

March 25, 1969.

Thomas M. Dawson, Leavenworth, Kan., for appellant.

Melvin M. Diggs, U. S. Atty., B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and PITTMAN, District Judge.

PER CURIAM:

The appellant is serving a fifteen-year sentence in a federal penitentiary for narcotics violations. His motion to vacate the judgment of conviction under section 2255 of the Judicial Code was denied by the United States District Court for the Northern District of Texas. In his motion, the appellant alleged that "prejudicial remarks were made before the jury by both the judge and prosecu-

tor in the closing argument before the jury." Additionally, he alleged that he had ordered and paid for a transcript of the trial proceedings but that he had been unable to obtain a transcript of the closing argument to the jury because of collusive suppression of that part of the record. The district court denied the appellant's motion on the ground that it "raises no new matters which have not heretofore been considered by this Court and the Court of Appeals during the original trial, appeal and 2255 motions filed by this petitioner." We do not agree with the ground adopted by the district court for denying relief, but we affirm the judgment on another ground.

■ The Congress has provided that a court reporter must record verbatim all proceedings in criminal cases and that the original shorthand notes or mechanical recordings must be preserved in the public records of the court "for not less than ten years." 28 U.S.C. § 753(b) (1964). Of course, as a matter of policy, it is wise to preserve the original records for as long as the period of detention. The appellant has submitted affidavits executed by the clerk and court reporters of the district court, from which it appears that no record of the closing arguments in the original trial is in existence. This court has held, however, that a failure to comply with the statute is not error per se entitling a prisoner to relief. E. g., Burns v. United States, 323 F.2d 269, 270 (5th Cir. 1963), cert. denied 376 U.S. 907, 84 S.Ct. 660, 11 L.Ed.2d 606 (1964).

■■ The movant under section 2255 must allege specific facts which, if true, would constitute reversible error; otherwise, the district court must deny the motion to vacate. Smith v. United States, 252 F.2d 369, 371 (5th Cir.), cert. denied 357 U.S. 939, 78 S.Ct. 1388, 2 L.Ed.2d 1552 (1958); Davis v. United States, 205 F.2d 516 (5th Cir. 1963) (per curiam). The appellant here alleged, as a mere conclusion, that prejudicial remarks had been made by the judge and prosecutor. This allegation was clearly insufficient to justify relief.

Accordingly, the judgment of the district court is affirmed. However, since the question of prejudicial remarks during closing argument was not considered on direct appeal, Aeby v. United States, 206 F.2d 296 (5th Cir. 1953), or on any subsequent motion to vacate, 255 F.2d 847 (5th Cir. 1958); 267 F.2d 541 (5th Cir. 1959), our affirmance is without prejudice to the movant to perfect his motion.

Affirmed.