**Aubrey AEBY, Petitioner,**

v.

**The Honorable Joe E. ESTES, Chief Judge, United States District Court for the Northern District of Texas, Dallas Division, Respondent.**

**No. 27377.**

United States Court of Appeals Fifth Circuit.

April 24, 1969.

Aubrey Aeby, pro se.

Melvin Diggs, U. S. Atty., Dallas, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

### PER CURIAM:

Aeby has filed an application for a Writ of Mandamus to order the district court to act on his fourth filed motion to vacate sentence pursuant to 28 U.S.C. § 2255. At the time of filing that § 2255 motion, Aeby had pending in this court an appeal from the district court's order denying, without a hearing, his third § 2255 motion. It is for this reason that the district court has refrained from acting.

Since the date of filing his mandamus application, the court has issued its opinion on Aeby's § 2255 appeal. Aeby v. United States, 5 Cir. 1969, 409 F.2d 1 (1969). In light of that opinion, it becomes unnecessary to further consider the mandamus application. Accordingly, the application is dismissed without prejudice to Aeby to proceed as per the instructions contained in this court's opinion in No. 26363.

**Andrew J. KOSNOSKY**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

**United States of America, Appellant.**

**No. 16658.**

United States Court of Appeals Third Circuit.

Submitted on Briefs April 22, 1969.

Decided June 5, 1969.

Andrew J. Kosnosky, pro se.

Kathryn H. Baldwin, Robert C. McDiarmid, John C. Eldridge, William Kanter, Department of Justice, Washington, D. C. (Carl Eardley, Acting Asst. Atty. Gen., Gustave Diamond, U. S. Atty., on the brief), for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and STAHL, Circuit Judges.

## OPINION OF THE COURT
### PER CURIAM.

After the docketing of this appeal, the appellant, Secretary of Health, Education and Welfare, filed a motion asking that we vacate the judgment of the district court and to order the matter remanded to the Secretary for further consideration of the appellee's claim. This court thus had before it both the merits of the appeal and the motion to vacate and remand.

We have concluded that the granting of the motion will be the most appropriate and satisfactory way of disposing of this appeal.

It will be so ordered.