**Aubrey AEBY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 28018.**

United States Court of Appeals, Fifth Circuit.

May 11, 1970.

Aubrey Aeby, pro se.

Thomas M. Dawson, Leavenworth, Kan., for appellant.

Eldon B. Mahon, U. S. Atty., B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before RIVES, GEWIN and INGRAHAM, Circuit Judges.

PER CURIAM:

On September 18, 1952, after a jury trial appellant was convicted on two counts for narcotics offenses in violation of Title 21, Section 174 United States Code. As a prior narcotics offender he was sentenced to twenty years' imprisonment. His conviction was affirmed by this Court. Aeby v. United States, 5 Cir. 1953, 206 F.2d 295, cert. den. 346 U.S. 855, 74 S.Ct. 136, 98 L.Ed. 390, rehearing den. 346 U.S. 917, 74 S.Ct. 273, 98 L.Ed. 413. His sentence was thereafter reduced to fifteen years. Three motions for relief under 28 U.S.C. § 2255 have been denied by this Court. Aeby v. United States, 5 Cir. 1958, 255 F.2d 847; 5 Cir. 1959, 267 F.2d 540; 5 Cir. 1969, 409 F.2d 1. In the last cited opinion, this Court called attention to affidavits executed by the Clerk and Court Reporters of the District Court to the effect that no record of the closing arguments in the original trial is in existence, but held that a failure to comply with the statute, 28 U.S.C. § 753(b), is not error per se entitling a prisoner to relief. The Court's opinion continued:

> "The movant under section 2255 must allege specific facts which, if true, would constitute reversible error; otherwise, the district court must deny the motion to vacate. Smith v. United States, 252 F.2d 369, 371 (5th Cir.), cert. denied 357 U.S. 939, 78 S.Ct. 1388, 2 L.Ed.2d 1552 (1958); Davis v. United States, 205 F.2d 516 (5th Cir. 1963) (per curiam). The appellant here alleged, as a mere conclusion, that prejudicial remarks had been made by the judge and prosecutor. This allegation was clearly insufficient to justify relief. Accordingly, the judgment of the district court is affirmed. However, since the question of prejudicial remarks during closing argument was not considered on direct appeal, Aeby v. United States, 206 F.2d [295], 296 (5th Cir. 1953), or on any subsequent motion to vacate, 255 F.2d 847 (5th Cir. 1958); 267 F.2d [540], 541 (5th Cir. 1959), our affirmance is without prejudice to the movant to perfect his motion."

409 F.2d at 2.

While appellant's appeal from the district court's order denying his third section 2255 motion was pending on appeal in this Court, his fourth such motion was filed in the district court. In his fourth motion, Aeby alleged "that prejudicial remarks were made before the jury during closing arguments by both the court and the United States Attorney"; that

the judge made prejudicial remarks concerning his prior narcotics record: "(1) that petitioner had been before him on similar charges; (2) that he had personally sentenced him to the United States Penitentiary for a narcotics violation before; (3) and that he was personally aware of petitioner's use of narcotics." He further alleged that the United States Attorney made prejudicial remarks in his closing argument before the jury concerning: "(1) petitioner's prior record for narcotic violation and his incarceration in the federal penitentiary, Leavenworth, Kansas, for these violations; (2) petitioner's failure to testify in his own defense during trial because he was afraid to try and explain his possession of the narcotics found; (3) petitioner's association with a known narcotics violator who was not a defendant in case No. 13103 or under any indictment at that time for either use of, or possession of, narcotics."

Without evidentiary hearing the district court denied this fourth section 2255 motion by the following order:

"In Petitioner's latest motion to set aside his conviction under the provisions of Title 28, United States Code, Section 2255, he complains of prejudicial remarks allegedly made in the presence of the jury by the Court and the prosecuting attorney.

"The undersigned presided at both the trial and sentencing of this Petitioner. There is no record of the jury argument made during the trial which was conducted some seventeen years ago in September, 1952.

"The Court recalls all of the proceedings therein and hereby finds and certifies that the arguments and statements alleged by Petitioner to have been made by this Court and the prosecuting attorney in the presence of the jury were not made and there was no reference in the presence of the jury to any of the matters so alleged by Petitioner. Petitioner's allegations respecting remarks by the Court concerning Petitioner's prior criminal record and use of narcotics at no time occurred in the presence of the jury, but these matters were considered by the Court after the jury finding of guilty and at the time of sentencing.

"For the reasons stated herein, the relief sought by Petitioner under the provisions of Title 28, United States Code, Section 2255 is denied.

"SIGNED AND ENTERED at Dallas Texas, this 25th day of April, 1969.

"(Signed) T. W. DAVIDSON
UNITED STATES
DISTRICT JUDGE"

The statute, 28 U.S.C. § 2255, makes it mandatory upon the district court to grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The district judge's personal recollections, reduced to writing for the first time nearly seventeen years after the original trial, are not part of the record in the original trial or in the section 2255 proceeding. Halliday v. United States, 1 Cir. 1967, 380 F.2d 270, 273 n. 5. The district court erred in denying the motion without an evidentiary hearing. The judgment must therefore be reversed and the case remanded. Upon remand the procedure followed in Halliday v. United States, supra, viz., a hearing of the section 2255 motion before another judge, should be adopted. See also Durant v. United States, 1 Cir. 1969, 410 F.2d 689, 693.

Reversed and remanded to the district court for proceedings consistent with this opinion.