IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-10504
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WILLIAM RAY HERRERA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:07-CV-11
USDC No. 6:05-CR-56-2

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

William Ray Herrera, federal prisoner # 34154-144, was convicted of one charge of possessing methamphetamine with intent to distribute and was sentenced to serve 108 months in prison and a three year term of supervised release. Herrera filed the instant 28 U.S.C. § 2255 motion to challenge his conviction and sentence, and he moved this court for a certificate of appealability (COA) to appeal the district court's dismissal of his § 2255 motion as untimely.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Herrera was granted a COA on the issue whether the district court erred by determining that Herrera's § 2255 motion was untimely, and this appeal ensued.

Herrera argues that his § 2255 motion was timely filed and that the district court improperly calculated the time he had to take a direct appeal. The Government agrees that the district court's timeliness calculations were flawed but contends that this court may affirm the district court's denial of § 2255 relief on the basis that Herrera's claims lack merit.

We agree that the district court erred by determining that Herrera's § 2255 motion was untimely. When conducting its timeliness analysis, the district court determined that Herrera had ten calendar days, rather than ten working days, to file his notice of appeal. See FED. R. APP. P. 4(b)(1)(A), 26(a)(1),(2). We conclude that Herrera's § 2255 motion was timely filed.

We may affirm the denial of Herrera's § 2255 motion on any basis supported by the record. See Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000); Aeby v. United States, 409 F.2d 1, 2 (5th Cir. 1969). Nevertheless, the record is not sufficiently developed to permit consideration of Herrera's claims on the merits. Consequently, the judgment of the district court is VACATED, and this case is REMANDED for further proceedings consistent with this opinion.