**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert William BONDURANT, a/k/a Robert William Grant, a/k/a Bill Grant, a/k/a Joe, Defendant-Appellant.**

**No. 76–4424**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 18, 1977.

David E. Krischer, Atlanta, Ga. (court-appointed), for defendant-appellant.

Michael P. Carnes, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Appellant Bondurant was convicted by a jury of kidnapping a four-year-old girl in Dallas, Texas, and of transporting her interstate on a thirteen-day journey before releasing her in New Orleans, Louisiana. He was sentenced to life imprisonment for a violation of 18 U.S.C. § 1201. The sole issue on appeal is whether imposition of the statutory maximum sentence in the circumstances of this case constituted an abuse of discretion by the trial court or amounted to cruel and unusual punishment in contravention of the Eighth Amendment.

Ordinarily, the severity of a sentence imposed within the statutory limits will not be reviewed. *Herron v. United States,* 5 Cir., 1977, 551 F.2d 62; *United States v. Cavazos,* 5 Cir., 1976, 530 F.2d 4. Appellant argues, however, that at sentencing the court failed to consider mitigating factors, to wit, the manner in which he alleges that

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

the child came into his van, the fact that the girl was released physically uninjured, and appellant's confused mental state at the time of the crime. Thus, appellant contends that the sentence imposed was excessive and disproportionate to the crime charged. We have examined the record and find no merit to this assertion.

The district court considered at sentencing defendant's personal history, psychiatric reports, and the nature and circumstances of his crime herein. The court was also sensitive to (though skeptical about) the possibility of appellant's eventual rehabilitation, and recommended that the Bureau of Prisons determine whether the prisoner would benefit from treatment and that the Bureau act accordingly in its discretion. Such sentencing was not " 'arbitrary or capricious action amounting to a gross abuse of discretion' ", which is the standard for review of a sentencing court's discretion. *United States v. Gamboa*, 5 Cir., 1976, 543 F.2d 545, 546. Nor can we say that the sentence herein was " 'so greatly disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice' ", and thus to constitute cruel and unusual punishment. *Capuchino v. Estelle*, 5 Cir., 1975, 506 F.2d 440, 442; *see Gamboa, supra,* 543 F.2d at 548. Accordingly, the judgment below is

AFFIRMED.