**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis LAURENTS, Defendant-Appellant.**

**No. 77–5268**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 21, 1977.

Royal K. Griffin (Court-Appointed), San Antonio, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, W. Ray Jahn, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

The appellant, Laurents, was convicted on a plea of guilty of using a communication device, a telephone, to facilitate the distribution of heroin in violation of 21 U.S. C.A. § 843(b) (1972). The maximum penalty provided for the commission of a section 843(b) offense is four years imprisonment or a $30,000.00 fine, or both.

At the time the guilty plea was accepted, the district court ordered a presentence in-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

vestigation; and prior to sentencing, the appellant and his counsel were given an opportunity to review the written report of the investigation. Later, when the case came on for sentencing, the district court invited both appellant and his counsel to comment on the report, to augment its contents, and to correct any errors that it might have contained, but neither had anything to offer. Then, before sentence was imposed, the court accorded appellant his full right of allocution.

Appellant was sentenced to a four-year term of imprisonment. His sole ground in this appeal is that the district court erred in not articulating its reasons for imposing the sentence.

It is unnecessary for us to determine whether, as a matter of judicial policy, the sentencing judge, in this or any case, should be required to announce his reasons for handing down a particular sentence. To be sure, a statement of reasons might aid us, in a given case, in determining whether the district court abused its discretion in performing the sentencing function. However, the record in this case conclusively establishes that the sentencing judge acted well within his discretion. The appellant was given full access to the presentence report; he was given a chance to correct or augment it; he received every right to be heard; and his sentence fell within the statutory authorization. Accordingly, the judgment of the district court is AFFIRMED.*

---

* *See, United States v. Gamboa*, 543 F.2d 545 (5th Cir. 1976).