**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert W. BONDURANT,**
**Defendant-Appellant.**

**No. 82–1186**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1982.

Rehearing Denied Jan. 10, 1983.

Robert W. Bondurant, pro se.

Rebecca A. Gregory, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge.

Appellant Robert William Bondurant was convicted by a jury of kidnapping a four year old girl in Dallas and transporting her around the southern part of the United States, finally releasing her in New Orleans. He was sentenced to life imprisonment. His conviction and sentence was affirmed on an appeal which included a challenge to the severity of the sentence. *United States v. Bondurant,* 555 F.2d 1328 (5th Cir.), *cert. denied,* 434 U.S. 871, 98 S.Ct. 215, 54 L.Ed.2d 150 (1977).

In 1978, Bondurant brought a motion to vacate the sentence in which he raised the claims:

1. He was denied pre-emptory challenges;
2. The prosecutor improperly examined witnesses and made improper closing argument;
3. He was denied a fair trial because of numerous trial errors including an improper jury charge;
4. He was incompetent to stand trial because he was voluntarily drugged with Thorazine;
5. He was denied a change of venue; and
6. Counsel was ineffective.

The district court denied relief and on May 21, 1980, in an unpublished opinion this Court affirmed the judgment of the district court.

On July 14, 1980, Bondurant filed this 28 U.S.C. § 2255 motion in the nature of habeas corpus. Six issues were submitted to the United States Magistrate, and his report found them meritless. After a review of the whole record, the district court found that appellant had conceded on three of those issues. The court further found the other three issues meritless and denied relief.

The three issues on which the appellant was found to have conceded and which are not the subject of appeal in this Court are:

1. The trial court improperly gave the "*Mann*" instruction (*Mann v. United States,* 319 F.2d 404 (5th Cir. 1963),
2. The court improperly charged that the jury may presume every man to be sane, and

3. Appellant was forced to be arraigned without counsel he requested.

These three issues, which are not the subject of this appeal, are enumerated solely to complete a full record of appellant's contentions in the earlier motion to vacate sentence and in this Section 2255 proceeding.

The three issues before this Court are:

1. The psychiatrists who testified under 18 U.S.C. § 4244 at the hearing on his competency to stand trial also testified at trial on his competency to commit the offense without his having been warned at the psychiatric examination that the examination would also be used at his trial.

2. The trial court erred in failing to instruct the jury that it could consider whether or not appellant's confession was voluntary in determining what weight it should be given.

3. The statements made to FBI agents by appellant following his arrest were involuntary and their use at the trial was prejudicial.

These three issues which are the subject of this appeal are discussed in turn.

*Issue 1:*

At the time of trial appellant raised the insanity defense by a motion for judicial determination of mental competency brought pursuant to 18 U.S.C. § 4244. That motion raised both the issue of competency at the time of the offense and competency to stand trial. The court order which issued in response to appellant's motion clearly stated that the examination was for both purposes. Appellant claims that he was not informed that statements made during the psychiatric examination would be used by the psychiatrist to form an opinion on his mental condition at the time of the offense. He also argues that he was denied the right to counsel because he was questioned without counsel being present.

■ Where a defendant has raised the issue of insanity and the psychiatric testimony is not made the subject of an objection, this Court has upheld the ordering of a dual purpose examination relating to competency to stand trial pursuant to § 4244 and to sanity at the time of the offense. *See United States v. Leonard,* 609 F.2d 1163, 1165 n.3 (5th Cir. 1980); *United States v. Cohen,* 530 F.2d 43, 47 (5th Cir.), *cert. denied,* 429 U.S. 855, 97 S.Ct. 149, 50 L.Ed.2d 130 (1976). This Court has also held that a defendant does not have a constitutional right to have an attorney present at the psychiatric examination since to do so might well defeat the purpose of the examination and since the examination is not the kind of critical stage at which assistance of counsel is needed or is even useful. *United States v. Cohen,* 530 F.2d at 48.

■ The psychiatric testimony came in without objection. It did not include statements of accused as to his guilt. 18 U.S.C. § 4244. It was made clear throughout that the psychiatric examination was directed both at competency at the time of the offense and competency to stand trial. There is no showing of any prejudice to him nor deprivation of his rights of due process in the psychiatric examination and the presentation of the testimony at the hearing on competency and at the trial.

*Issue 2:*

Appellant contends that it was a violation of 18 U.S.C. § 3501(a) for the trial court to fail to instruct the jury that it might consider whether or not appellant's confession was voluntary in determining what weight it should be given. In his confession appellant had stated that he found the four year old girl in his van and that he drove her from Dallas to Atlanta and then to New Orleans where he released her. At trial appellant did not object to the omission of the instruction or request that such an instruction be given.

■ 18 U.S.C. § 3501(a) does not require "ritual instruction where no identifiable issue of voluntariness" is raised by the evidence presented to the jury. *United States v. Fera,* 616 F.2d 590, 594 (1st Cir.), *cert. denied,* 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980). The *Fera* holding,

which we approve, is to the effect that only if relevant evidence sufficient to raise a genuine factual issue concerning the voluntariness of a confession is presented by the defendant is the trial court obligated to instruct the jury concerning the weight to be accorded the defendant's statements.

■ The United States Supreme Court has this year held that the proper standard for review of a conviction brought by a § 2255 motion requires a convicted defendant to show (1) "cause" excusing procedural default and (2) "actual prejudice" resulting from the error of which he complains. *U.S. v. Frady,* —— U.S. ——, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). Only after a showing meeting these requirements can appellant proceed to a determination of the merits of his claim. *United States v. Johnson,* 679 F.2d 54, 57 (5th Cir. 1982).

Appellant may have sufficient grounds to establish a showing of "cause". Objection was made to the confession during the hearing on the voluntariness of the confession. At trial the waiver of rights form was objected to on the ground that it had not been proven that the document was signed prior to the giving of any statements by the defendant, and there was no adequate explanation regarding discrepancy between the inks used in the document.

■ But even if there is cause, appellant clearly has not shown prejudice. All he contends is that the omission of the instruction denied him a fair trial. This is not sufficient. Appellant must show that the omission "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), cited with approval in *United States v. Frady,* 102 S.Ct. at 1595. At trial appellant made no objection to the FBI's agent's testimony regarding the confession of the kidnapping. Nor did he object to testimony that he had been thoroughly informed of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and that he had signed a waiver of those rights and had responded to questioning.

At the trial appellant's testimony regarding the incident closely corroborated the statements which he gave to the agents at his arrest. His excuse for the kidnapping was that he was on drugs and thought the child was his. At one point in his testimony he rather casually claimed that while in custody he had been struck in the head with a telephone book, but he also said that it did not really hurt and that it was not part of a beating. The only further elaboration he gave was that the F.B.I. agents were mad at him but he also was mad at himself.

The evidence presented to the jury by appellant failed to raise a serious factual issue concerning the voluntariness of the confession. Moreover, the evidence overwhelmingly pointed to its voluntariness. The *Miranda* warnings were given, appellant stated he understood them. No promises or threats were made and appellant was not coerced. He voluntarily answered questions regarding the kidnapping. He never told the agent that he had been struck by a telephone book. Appellant's testimony itself supports the voluntariness of the confession. His testimony does not refute the agent's testimony that he was given the *Miranda* warnings and that no promises, threats or force were used.

■ The strong evidence at trial that the confession was voluntary, and his failure to come forward at trial with sufficient evidence that the confession was not voluntary disposes of any contention that he suffered actual prejudice which would justify reversal of his conviction. *See U.S. v. Frady,* 102 S.Ct. at 1596. We also conclude that the instructions to the jury read as whole show no substantial likelihood that the jury that found the confession voluntary would have found the confession involuntary, requiring reversal, if the § 3501(a) instruction had been added. The court charged the jury to judge the credibility of witnesses and to weigh their testimony and the testimony of appellant.

*Issue 3:*

■ Appellant finally contends that the statements made to the FBI following his

arrest were involuntary and that their use at the trial, therefore, was prejudicial. This contention is refuted by the record itself. The proper hearing was held in accordance with *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). At that hearing the testimony of the FBI agent, as discussed above, establishes clearly that the appellant was given his *Miranda* warnings and that he stated that he understood them. The agent testified he never struck appellant, nor did he see or hear of anyone striking appellant.

At the trial, appellant admitted making the statements. His testimony on the merits is substantially the same as the statement given to the agents. Further, he also testified at the trial that he had been given the *Miranda* warnings and had understood them. The only possible indication of coercion was the testimony that he had been hit in the head with a telephone book. His testimony was very vague on this point, with no identification as to who might have done this. Further, there was no indication that this was part of any general physical coercion. He stated in so many words that he was not beaten and was not coerced.

Since appellant under oath adopted the statements in the confession as true the issue of voluntariness is not properly raised under § 2255. *See United States v. Bowen,* 94 F.Supp. 1006, 1008 (N.D.Ga.), *aff'd,* 192 F.2d 515 (5th Cir. 1951), *cert. denied,* 343 U.S. 943, 72 S.Ct. 1036, 96 L.Ed. 1348 (1952). Further, admission of a confession at trial is not subject to attack under § 2255 on the ground that it was coerced when the issue was raised and full opportunity was given to the defendant to develop the issue at trial. *Pope v. U.S.,* 287 F.Supp. 214, 220 (W.D.Tex.1967), *aff'd,* 398 F.2d 834 (5th Cir. 1968), *cert. denied,* 393 U.S. 1097, 89 S.Ct. 886, 21 L.Ed.2d 787.

Finally, it should be pointed out that appellant has a burden of sustaining his contentions on a § 2255 motion by a preponderance of the evidence. *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). No hearing was held on appellant's petition. The court must accord the mov-

ant a hearing unless the motion and the record conclusively show that the prisoner is entitled to no relief. Our careful study of the motion and the record in this case has established conclusively that the prisoner is not entitled to relief. Although appellant now makes conclusory statements that he was beaten, drugged and suffering great pain from dental surgery at the time his statements were made after his arrest, these statements are insufficient to overcome the overwhelming evidence at the hearing on competency and at the trial showing that appellant's confession was wholly voluntary.

Upon full consideration it is our conclusion that the district court was correct in denying § 2255 relief to appellant with respect to all three issues raised.

AFFIRMED.