```
               _____
                  No. 95-3671SD
               _____

United States of America,            *
                                     *
               Appellee,             *
                                     *
       v.                            *
                                     *
William White Buffalo,               *
                                     *
               Appellant.            *

               _____        Appeals from the United States
                                     District Court for the District
                  No. 95-3672SD      of South Dakota.
               _____

United States of America,            *
                                     *
               Appellee,             *
                                     *
       v.                            *
                                     *
Ernest White Buffalo,                *
                                     *
               Appellant.            *
                               _____
```

Submitted:  March 12, 1996

Filed:  May 30, 1996

               _____

Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

               _____

FAGG, Circuit Judge.

A jury convicted William White Buffalo and his brother Ernest White Buffalo of aggravated sexual abuse and of aiding and abetting aggravated sexual abuse.  See 18 U.S.C. § 2241(a) (1994).  The White Buffalo brothers appeal, and we affirm.

According to Antoinette Boltz, she met William and Ernest

White Buffalo at a drinking party, they took her for a ride into the country, and then raped her. Although the victim told a hospital doctor she had not engaged in consensual sexual intercourse within seventy-two hours of the rape, laboratory test results suggested otherwise. At trial, the brothers wanted to offer the victim's denial of earlier sexual intercourse and then introduce the test results to impeach her credibility. The district court decided the evidence about the victim's past sexual behavior was inadmissible under Rule 412 of the Federal Rules of Evidence.

On appeal, the White Buffalo brothers contend the district court improperly refused to admit the test results. William argues the test results were admissible to impeach the victim's truthfulness and to show her capability to fabricate a story about the rape. Contrary to William's view, these are not recognized exceptions to Rule 412. United States v. Azure, 845 F.2d 1503, 1506 (8th Cir. 1988). In the absence of an applicable exception, Rule 412 "specifically bars admission of evidence of the past sexual behavior of an alleged rape victim." United States v. Blue Horse, 856 F.2d 1037, 1040 (8th Cir. 1988). Unlike his brother, Ernest argues the district court should have admitted the test results under two of the exceptions listed in Rule 412. Ernest contends the test results showed "that a person other than the accused was the source of semen." Fed. R. Evid. 412(b)(1)(A). Ernest cannot rely on this exception, however, because the Government did not introduce any evidence about the victim's past sexual behavior or the presence of semen in the victim. See United States v. Shaw, 824 F.2d 601, 604 (8th Cir. 1987), cert. denied, 484 U.S. 1068 (1988). Ernest also contends the district court's refusal to admit the test results violated his constitutional right to confront the victim and impeach her general credibility with the lie to the doctor. Fed. R. Evid. 412(b)(1)(C). In Ernest's view, "[a] jury cannot judge the credibility of a witness unless that jury is informed of each and every lie the witness told [before]

the trial [about] the case." We disagree. Because the victim's statement about unrelated consensual sexual intercourse was of little or no probative value on the question of whether she falsely accused Ernest of rape, the exclusion of the test results did not deprive Ernest of a constitutional right. See United States v. Bartlett, 856 F.2d 1071, 1088-89 (8th Cir. 1988). Thus, we conclude the district court did not abuse its discretion when it prohibited impeachment of the victim with her past sexual behavior. Fed. R. Evid. 412.

Finally, William contends the district court improperly denied his request for an acceptance of responsibility adjustment. Instead of accepting responsibility for rape, William makes it perfectly clear that he has "consistently denied raping [the victim], [because] the sexual intercourse was consensual." The district court correctly denied William's request. See U.S.S.G. § 3E1.1(a) (1994); United States v. Yankton, 986 F.2d 1225, 1230 (8th Cir. 1993).

We affirm the White Buffalo brothers' convictions and William's sentence.

A true copy.

        Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-